IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2009 JAN 14 P 1: 33
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| Securities and Exchange Commission, | |
| Plaintiff, | Civil No. 2:97 CV-0425ST |
| v. | |
| PanWorld Minerals International, Inc., Robert G. Weeks, Joseph Fabiili, Kenneth L. Weeks, David A. Hesterman Larry Krasny, L.K. Management Inc., Puritan Communications, Inc., and Jerome Wenger, | |
| Defendants, | |
| and | |
| Rita Hilsenrath Wenger, and Canyon Corporation, | |
| Relief Defendants. | |

## FINAL JUDGMENT OF PERMANENT INJUNCTION
## AS TO DEFENDANT DAVID A. HESTERMAN

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint alleging that defendant David A. Hesterman ("Hesterman") violated various provisions of the securities laws; the Complaint and summons having been duly served upon Hesterman; a Consent and Undertaking subsequently having been filed in which Hesterman, having waived his right to the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations made in the Complaint, except as to jurisdiction which is admitted, consented to entry without further notice of this Final Judgment of Permanent Injunction ("Final Judgment") enjoining him from engaging in transactions, acts, practices and courses of business which

constitute or would constitute violations of: Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. 240.10b-5]; Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)]; and Sections 13(a) and 15(d) of the Exchange Act and Rules 13a-1, 13a-13, 15d-1, 15d-13, 12b-20 and 12b-25 [15 U.S.C. §§ 78m(a) and 78o(d) and 17 C.F.R. §§ 240.13a-1, 240.13a-13, 240.15d-1, 240.15d-13, 240.12b-20, 240.12b-25]; and ordering that he be permanently and unconditionally prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act pursuant to Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(3)] and Securities Act Section 20(e) [15 U.S.C. § 77t(e)]; and it appearing that this Court has jurisdiction over the parties and over the subject matter of this action, and the Court being fully advised in the premises; and there being no just cause for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Hesterman, his agents, servants, employees, and all persons in active concert or participation with his who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, [15 U.S.C. 77q(a)], by, directly or indirectly, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce, or using the mails, to: (1) employ any device, scheme or artifice to defraud; (2) obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon a purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Hesterman, his agents, servants, employees, and all persons in active concert or participation with his who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, [15 U.S.C. 78j(b) and Rule 17 C.F.R. 240.10b-5], in connection with the purchase or sale of any security, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of a national securities exchange, to: (1) employ any device, scheme or artifice to defraud;(2) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hesterman and his agents, servants, employees, and all persons acting in concert with his are enjoined and restrained from, directly or indirectly: (a) making use of any means or instruments of interstate commerce, or of the mails, to sell through the use or medium of any prospectus or otherwise, any security whatsoever, unless and until a registration statement has been filed with the Commission; (b) carrying or causing to be carried through the mails or in interstate commerce by any means or instruments of transportation, any security of any issuer whatsoever, for purposes of sale or delivery after sale, unless and until a registration statement has been filed with the Commission; or (c) making use of any means or instruments of transportation or communication in interstate commerce or the mails to sell or offer to buy through the use or medium of any

prospectus or otherwise any security of any issuer whatsoever, unless a registration statement has been filed with the Commission; in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 [15 U.S.C. 77e(a) and 77e(c)], provided however, that nothing in the foregoing portion of this injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act.

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hesterman and his agents, servants, employees, and all persons acting in concert with his are enjoined and restrained from, directly or indirectly violating Sections 13(a) and 15(d) of the Exchange Act and Rules 13a-1, 13a-13, 15d-1, 15d-13, 12b-20 and 12b-25 [15 U.S.C. §§ 78m(a) and 78o(d) and 17 C.F.R. §§ 240.13a-1, 240.13a-13, 240.15d-1, 240.15d-13, 240.12b-20, 240.12b-25]

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED pursuant to Section 20(e) [15 U.S.C. § 77t(e)] of the Securities Act and Section 21(d)(2) [15 U.S.C. § 78u(d)(3)] of the Exchange Act that Hesterman is unconditionally and permanently prohibiting from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's claims for disgorgement and civil penalties are dismissed with prejudice.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the annexed Consent and Undertaking of Defendant Hesterman be, and the same hereby is, incorporated herein with the same force and effect as if fully set forth herein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including implementation and enforcement of this Final Judgment.

IX.

There being no just cause for delay, the Clerk of this Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

DATE 1/14/09

Ted Stewart
United States District Judge

Submitted by:

s/ Elizabeth E. Krupa
Elizabeth E. Krupa
Counsel For Plaintiff
1801 California Street, Suite 1500
Denver, Colorado 80202
303/844-1036

Approved as to form:

Robert H. Bretz
Counsel For Defendant David A. Hesterman